# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 21, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOVEL ESTEP JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1681**  (BOR Appeal No. 2046168)
                              (Claim No. 2010126060)

**BRODY MINING, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Lovel Estep Jr., by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Patricia Jennings, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 30, 2011, in which the Board affirmed a July 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 10, 2010, decision rejecting Mr. Estep's claim for occupational pneumoconiosis benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Estep filed an application for occupational pneumoconiosis benefits on August 21, 2009. On February 1, 2011, Mr. Pauley, safety director for Brody Mining, testified that Mr. Estep was not exposed to hazardous quantities of respirable dust during the course of his employment with Brody Mining based on the results of Brody Mining's respirable dust sampling program. He further stated that Brody Mining was fully compliant with MSHA regulations regarding permissible exposure limits to respirable dust. On May 10, 2010, the claims administrator rejected Mr. Estep's request for workers' compensation benefits.

1

In its Order affirming the May 10, 2010, claims administrator's decision, the Office of Judges held that Mr. Estep was not exposed to the hazards of occupational pneumoconiosis during the course of his employment with Brody Mining. Mr. Estep disputes this finding and asserts that the evidence of record demonstrates that he was exposed to occupational dust hazards during his employment with Brody Mining.

West Virginia Code of State Rules § 85-20-52.2 (2006) states:

> If the employer submits credible evidence demonstrating that it has been in compliance with OSHA and/or MSHA permissible exposure levels, as determined by sampling and testing performed in compliance with OSHA and/or MSHA regulations for the dust alleged by the injured worker, then the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, may consider that the dust exposure alleged by the injured worker does not suffice to satisfy the exposure requirements of W. Va. Code §§23-4-1(b) and 23-4-15(b) only for the period(s) covered by the sampling or testing. In order for the evidence to be deemed credible, it must be based upon regularly scheduled exposure samples from each work area where harmful exposure has been alleged, which samples will be obtained by certified industrial hygienists as defined by OSHA and/or MSHA regulations or government agencies, and the samplings must be obtained during the period for which the employer is seeking to avoid chargeability.

The Office of Judges found that the dust sampling results provided by Brody Mining met the criteria set forth in West Virginia Code of State Rules § 85-20-52.2. The Office of Judges further found that Mr. Estep's exposure to occupational dust hazards during his employment with Brody Mining was within MSHA's permissible limits for respirable dust. Finally, the Office of Judges found that because Mr. Estep was not exposed to the hazards of occupational pneumoconiosis, he is not entitled to the occupational pneumoconiosis presumption contained in West Virginia Code § 23-4-8c(b) (2009). The Board of Review reached the same reasoned conclusions in its decision of November 30, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II